UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA ex rel.,**
**SHELLEY PATRICIA STEVENS**,

    **Plaintiff,**

  v.                                  Case No. 2:21-cv-1577
                                        Judge Edmund A. Sargus, Jr.
**LINDA HILLER**,                   Magistrate Judge Kimberly A. Jolson

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Linda Hiller (ECF No. 13).  Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts.  Fed. R. Civ. P. 55(a). Second, after the Clerk's entry of default, the plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b).

Here, Plaintiff applied to the Court for default judgment against Defendant under Rule 55(b)(2).  However, Plaintiff has not yet requested an entry of default from the Clerk of Courts, and the Clerk has not entered default under Rule 55(a). Thus, because Plaintiff may only apply to the Court for a default judgment after obtaining an entry of default under Rule 55(a), Plaintiff's motion is not proper procedurally. *See Sieber v. Estate of McRae*, No. 1:11-CV-111, 2012 WL 689033, at *1 (W.D. Ky. Feb. 29, 2012) (holding same).

Even if the motion was procedurally proper, the Court would not grant it on substantive grounds. Plaintiff argues that she is entitled to default judgment because the Defendant failed to

1

answer or otherwise respond by December 13, 2021. Defendant thereafter filed an answer on February 28, 2022. Even though the answer is late, the Court will accept it because both parties have submitted delayed filings, there is no prejudice to the plaintiff, and no bad faith by the defendant. *See, e.g.*, *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430 (6th Cir. 2006) (affirming a district court's decision to accept the defendants' eight-month-late answer because there was no prejudice to the plaintiff and no evidence of bad faith by the defendants).

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 13) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

5/9/2022                                             s/Edmund A. Sargus, Jr.
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**